UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| CORPOREX DEVELOPMENT & CONSTRUCTION MANAGEMENT, LLC et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2: 24-186-DCR |
| V. | ) ) ) | |
| BAKER CONCRETE CONSTRUCTION, INC., | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiffs Corporex Development & Construction Management LLC and CPX Ovation West Parking, LLC (together, "the Corporex plaintiffs") initiated this action seeking a declaratory judgment that Defendant Baker Concrete Construction Inc.'s ("Baker") mechanic's lien on a parking garage is null and void. They further seek as part of the declaratory judgment a release of the bond they obtained to discharge the lien. Baker filed a motion to dismiss in response, arguing that the Court should decline to exercise jurisdiction. [Record No. 11] Because the state court is addressing the same controversy ("the underlying litigation"), the undersigned concludes that the exercise of jurisdiction by this Court would unduly offend traditional notions of federalism. Therefore, Baker's motion will be granted.[1]

---

[1] In addressing the instant motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court takes the facts as alleged in the Complaint as true and draws all reasonable inferences in favor of the nonmoving party. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

- 1 -

I.

The underlying litigation arises from a parking garage construction contract that did not go as planned. *See Baker Concrete Construction, Inc. v. Corporex Development Construction & Management LLC, et al.*, No. 24-CI-01064 (Campbell Circuit Court). Corporex Development & Construction Management LLC (individually, "Corporex") sought to develop a "transformative riverfront mixed-use development" in Campbell County, Kentucky. [Record No. 1, p. 2] The development included a parking garage, which Baker agreed to build pursuant to a July 23, 2021, contract. [*Id.*, p. 3] Baker commenced work on the "Parking Garage and the approximately 9.548 acres of real estate on which it is constructed" (the "Ovation Garage Parcel") on September 7, 2021, and "substantially constructed" the garage. However, by November 2023, Baker had ceased all work on the project. [*Id.*, pp. 3-4]

"On July 9, 2024, Baker … recorded with the Campbell County Clerk an Affidavit for Mechanic's Lien pursuant to KRS 376.080, *et seq.*, claiming that it is owed additional sums under the Contract and purporting to assert a lien for such sums upon the Ovation Garage Parcel[.]" [*Id.*, p. 4] Baker filed the underlying action in Campbell County Circuit Court against Corporex and a different affiliated entity, CPX Newport Commercial Development, LLC on October 25, 2024. [*See* Record No. 11-1.] Baker asserted claims for (1) breach of contract, (2) unjust enrichment, and (3) "enforcement of mechanics' and materialmen's lien[.]" *See id.* Specifically, under Count 3, Baker purported to "claim and assess a mechanics' and materialmen's lien pursuant to the provisions of KRS § 376.010" on the Ovation Garage Parcel and demanded "[a] determination by the Court that Baker Concrete Construction, Inc. has a valid and enforceable mechanics' and materialmen's lien in the amount of $3,238,863.16 on

all of the rights, title, and interests of CPX Newport Commercial Development, LLC in the [Ovation Garage Parcel.]"  [*Id.*, pp. 10-11]  Thereafter, Corporex discharged the mechanic's lien by posting bond "in a form approved by and recorded with the Campbell County, Kentucky Clerk, in accordance with KRS 376.100" "executed, with Capitol Indemnity Corporation ("Capitol") as surety[.]" [Record No. 1, pp. 4-5; Record No. 17-2, p. 3]

The Corporex Plaintiffs initiated this action on November 2, 2024.  Corporex and CPX Newport Commercial Development, LLC filed an answer and counterclaim in the underlying litigation on November 18, 2024.  [*See* Record No. 11-2.]  Finally, after learning a bond had been filed to discharge the lien, Baker moved to amend its complaint to substitute its claim against the bond for its earlier foreclosure claim.  [*See* Record No. 17-2.]

In this action, the Corporex Plaintiffs request a declaration "(a) [t]hat the Mechanic's Lien was invalidly claimed, and is null and void; [and] (b) [t]hat the Bond provided by Corporex … be released, dissolved and discharged of record from the Ovation Garage Parcel's title with the Campbell County Clerk[.]"  [*Id.*, p. 7]

**II.**

A civil complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a claim need not contain "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint filled with "naked assertions devoid of further factual enhancement" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, a complaint must "contain sufficient matter, accepted as true, to state a claim to relief

that is plausible on its face." *Id.* A claim is plausible if the complaint contains factual allegations that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This does not require a showing that the defendant probably is liable, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III.

Here, the Corporex Plaintiffs seek a declaratory judgment pursuant to Rule 57 of the Federal Rules of Procedure and KRS § 418.040. [Record No. 1, p. 7] They argue that this Court should exercise jurisdiction because the underlying "action concerns the parties' respective claims and counterclaims for alleged breaches of the Contract for construction of the parking garage… [and] … Baker's … claim to foreclose its now-discharged mechanics lien … will not likely ripen unless and until it is determined that Baker has prevailed on its substantive monetary claims." [Record No. 15, p. 3 (internal citation omitted)] But Baker argues that the Court should decline to exercise jurisdiction because "the action filed . . . in state court is parallel to the instant, later filed, proceeding here" and "[t]he state court is in a position to resolve the dispute in its entirety, by application exclusively of state law[.]" [Record No. 17, p. 2]

The parties disagree regarding whether the controversy should be governed by the abstention principles outlined in *Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)*, or the discretionary principles utilized for cases involving declaratory judgments. However, the United States Court of Appeals for the Sixth Circuit has consistently held that "the *Colorado River* abstention doctrine framework does not apply where the federal court action is one for a declaratory judgment." *Boyd v. Martinez*, No. 22-6026, 2023 WL

4903173, at *4 (6th Cir. Aug. 1, 2023). "This is because federal court declaratory judgment actions are discretionary, and the 'the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Consequently, the Court will apply a declaratory judgment analysis.

> Under the Declaratory Judgment Act:
>
> [A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). And pursuant to the Act, the Court weighs the following factors outlined in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.* in determining whether the exercise of jurisdiction is appropriate:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

746 F.2d 323, 326 (6th Cir. 1984).

"[T]he *Grand Trunk* factors and their cousins in other circuits direct the district court to consider three things: efficiency, fairness, and federalism." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (citing *Sherwin–Williams Co. v. Holmes Cty.,* 343 F.3d 383, 390–91 (5th Cir. 2003)). "The relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case." *Id.*

### a. *Grand Trunk* Factors One and Two

The Court notes at the outset that within the Sixth Circuit there is mixed guidance (applied in relation to insurance coverage related declaratory actions, specifically) concerning whether a "controversy" under *Grand Trunk* refers to an issue in the underlying proceeding or a derivative issue of indemnity in the federal declaratory action. *See Hoey*, 773 F.3d at 760 ("One line of cases holds that these two factors relate to whether the declaratory judgment would settle the *underlying* state-court controversy[.]"). In *Grand Trunk*, the court held the first factor disfavored jurisdiction because a declaratory judgment would strike at the heart of a determination already made by an underlying state court. 746 F.2d at 326. Here, the underlying controversy of the mechanic's lien's validity is the exact same question faced by the Campbell Circuit Court, and the case does not involve insurance coverage. Thus, the first two factors disfavor the exercise of jurisdiction.

"Because 'it is almost always the case that if a declaratory judgment will settle the controversy, ... it will clarify the legal relations in issue,' the inquiries required by these two factors often overlap substantially." *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 397 (6th Cir. 2019) (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008). In this case, a "declaratory judgment action in federal court could serve no useful purpose." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 816 (6th Cir. 2004). That is because this Court "could either reach the same conclusion as the state court, in which case the declaration would have been unnecessary and the federal litigation a waste of judicial resources, or … [this Court] could disagree with the state court, resulting in inconsistent judgments." *Id.* Additionally, "[t]he instant action does not involve an independent dispute[.]" *Grand Trunk*, 746 F.2d at 326. The Campbell Circuit Court was directly asked to rule on the

enforcement of Baker's mechanic's lien. Thus, even if the controversy is "settled" *in one forum*, it will frustrate the efficient expenditure of judicial resources.

Nor will a declaratory judgment here clarify the relationships between the parties, because the parties are distinct from those in the underlying litigation, and not all relevant entities are included in this action. *See Bituminous*, 373 F.3d at 814 ("Although a declaratory judgment would settle the controversy between Bituminous and J & L, Shields was not made a party to the declaratory judgment action. Therefore, any judgment in the federal court would not be binding as to him and could not be res judicata in the tort action."). *See also Cole's Place*, 936 F.3d 386, 398 ("[T]he absence of a state-court party carries most weight when issues relevant to the … controversy are actually and concurrently being litigated in state court.").

Baker alleges that any "decision may not even have *res judicata* effect in Campbell Circuit Court as to Baker's claims against Capitol Indemnity Corp. ("Capitol"), one of the obligors on the bond, as Capitol has not been named a party to the instant action." [Record No. 17, p. 5] Because the Court is asked to answer the same question the state court already faces, and differences in the parties to the litigation would only cause more confusion, the first two factors weigh against exercising jurisdiction. And as the Court will explain further, even if these factors favored the exercise of jurisdiction, "the factors are not, of course, always equal." *Hoey*, 773 F.3d at 759. "[A] relatively efficient declaratory judgment (factors 1, 2, and 5) could very well be inappropriate if hearing the case would be unfair (factor 3) or would offend the bundle of principles we generally label "federalism" (factor 4)." *Id.* That is largely the case at hand.

### b. *Grand Trunk* Factor Three

The third guidepost asks whether facts indicate there is a "race" for res judicata. Here, some facts suggest such "procedural fencing" may have been an objective, while other facts indicate otherwise. Corporex posted bond (which discharged the contested lien) five days after the underlying complaint was filed, then commenced this action one week later. It argues that "none of the issues raised in the state case are raised in this federal case, and vice versa" despite the fact that Baker's complaint in the underlying action clearly includes a count entitled "enforcement of mechanics' and materialmen's lien"—the central premise of the Corporex Plaintiffs' present claim. The Corporex Plaintiffs appear to seek a declaratory judgment to avoid "waiting for the right time to challenge Baker's lien in state court, and then waiting longer for a decision, all while continuing to pay the bond fees[.]" [Record No. 15, p. 10] Notwithstanding the possibility of a more efficient resolution, the Corporex Plaintiffs essentially admit to requesting declaratory relief here rather than allowing the state court to address the question. While not *per se* evidence of procedural fencing, at the very least they attempt to litigate the exact same issue in a different forum. Accordingly, this factor slightly weighs towards a decision to decline jurisdiction.

### c. *Grand Trunk* Factor Four

The fourth factor emphasizes the need to consider traditional notions of federalism (*i.e.*, the interplay between state and federal jurisdiction). In *Scottsdale Ins. Co. v. Roumph*, the Sixth Circuit compartmentalized this factor into the following considerations:

> 1. whether the underlying factual issues are important to an informed resolution of the case;
> 2. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

> 3. whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

211 F.3d 964, 968 (6th Cir. 2000).

The first subfactor disfavors the exercise of jurisdiction because the underlying factual issues related to the mechanic's lien will serve as the basis for any determination of the lien's validity. In the Corporex Plaintiffs' answer to the underlying complaint, allegations related to the lien were denied. [Record No. 11-2, p. 6] And while it is unclear to what extent underlying contested factual findings will form the basis for the ultimate legal determination, at the very least, the state court was already charged with the resolution of that legal question. Adjudicating the issue here would thus prevent the state court from settling the inquiry itself.

Next, the state court is in a better position to make factual determinations on the claim. The Campbell Circuit Court will evaluate the lien's validity in conjunction with the breach of contract and unjust enrichment claims Baker has asserted and this will provide broader context for any subsequent legal determinations. Therefore, the second subfactor also disfavors jurisdiction.

Finally, Kentucky statute governs the dispute over the lien. *See* KRS § 376.100. State law also governs the other claims Baker raised in the underlying action. Essentially, the Corporex Plaintiffs' argument asks this Court to prioritize a dubious expectation of efficiency over respect for the sovereignty of the state court. A declaratory judgment under these conditions would either unduly snatch the determination from the state court, or worse, potentially create two different outcomes on an issue of Kentucky law. Because this could create friction between this Court and the state court, and it would offend principles of

federalism paramount to our legal system, the fourth factor disfavors the exercise of federal jurisdiction.

### d.  *Grand Trunk* Factor Five

Here, a state procedure for a declaration of rights exists.  *Bituminous*, 373 F.3d 807, 816.  In Kentucky, "the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked."  KRS § 418.040.   This factor also weighs against a decision to exercise jurisdiction.  Not only does this procedure exist, the Corporex Plaintiffs included it in their Complaint in this action.  [*See* Record No. 1, p. 7 (requesting a declaratory judgment under KRS Chapter 418)]  And assuming they assert a separate claim for declaratory relief under KRS § 418.040, the Court again declines jurisdiction for the aforementioned reasons.  Similar to the Declaratory Judgment Act, KRS § 418.040 contains permissive language allowing the Court to decide whether to exercise jurisdiction.  The same principles of fairness and federalism counsel against the usurpation of the state court's ability to adequately and independently adjudicate the lien's validity.

### IV.

Based on the foregoing analysis, it is hereby

**ORDERED** that Defendant Baker Concrete Construction Inc.'s Motion to Dismiss [Record No. 11] is **GRANTED**.

Dated: March 17, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky